[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above entitled matter claims a dissolution and other relief, as on file, came to this court on October 18, 1988 and thence to later dates when the parties were heard at trial.
The court finds the parties were intermarried on August 11, 1975 at Kahoka, Missouri; the plaintiff has resided in this State more than one year prior to bringing this action; the parties have two (2) minor children issue of this marriage, Cheyenne Leslie Pronga, born December 7, 1975 and Natasha Pronga, born January 5, 1981.
On the basis of all the evidence before me, I find the actions and conduct of the defendant to be the main factors in the marriage break up. Therefore, a finding is made that the marriage is irretrievably broken down and a decree of dissolution of the marriage may enter.
After carefully considering the evidence and financial statements in this case and taking into consideration all the criteria set forth in the following sections of the Connecticut General Statutes sec. 46b as to division of marital assets; sec. 46b-82 as to award alimony; sec. 46b-56 as to custody; sec. 46b-59 as to visitation; sec. 46b as to support; and sec. 46b-62 as to attorney fees; the following orders are entered as part of the decree:
1. Custody of the said minor children shall be awarded to the plaintiff. The defendant shall have reasonable visitation. Any such visitation as to time and location shall be subject to mutual agreement of all parties involved including the minor children.
2. The plaintiff shall pay as reasonable, rehabilitative alimony to the defendant the sum of One Hundred Fifty ($150.00) Dollars per week commencing seven days after the entry of this decree and continuing for a period of thirty-six (36) months from the date of this dissolution. Said periodic CT Page 2240 alimony shall not be modifiable either as to term or amount, except in case of remarriage or co-habitation on the part of the defendant and a lump sum of Twenty Five Thousand ($25,000.00) Dollars without interest payable five (5) years from date of this decree and secured by mortgage on premises known as 109 Bahre Corner Road, Canton, Connecticut. The plaintiff shall have the option to pay this mortgage at anytime before same is due.
3. The plaintiff shall be solely responsible for the support of said minor children and provide the necessary health insurance.
4. The plaintiff shall be responsible for all obligations set forth on his Financial Affidavit and shall assume the defendant's liability and/or obligations listed on her Financial Affidavit of July 20, 1990, to wit: G. Fox Co., Sears, Roebuck Co., and Conn. Bank and Trust Co. (Mastercard), as well as the obligation to Dr. Charles Keefe which is not listed.
5. Each party is to keep his or her own personal property now in the custody of each with the exception of the portion of the chandelier hanging in the Canton home which is to be returned by the defendant to the plaintiff.
6. Neither party is awarded counsel fees.
JOSEPH F. MORELLI STATE TRIAL REFEREE